## L. N. LYON AND ANOTHER V. A. J. STEVENS.

Plaintiff sued defendants for money deposited with them by him, and also for damages by reason of its detention after demand made. Defendants pleaded a general denial, and also a special answer, alleging that the money belonged to a party indebted to them, and asked that their debtor be made a party to the suit, etc. Defendants applied for a first continuance on account of absent witnesses, and their showing fully complied with the requirements of the statute, but the court below overruled the application on the ground that the special answer presented no defense. *Held*, that the refusal of the continuance was erroneous, because, however frivolous the special answer may have been, the general denial raised issues of fact on which the defendants were entitled to be heard by their witnesses.

ERROR from Grimes. Tried below before the Hon. James R. Burnett.

The special answer alleged, in substance, that Stevens, the plaintiff, was marshal of the town of Navasota; that the money deposited with defendants, a mercantile firm, was not the money of the plaintiff, but belonged to the town, which was indebted to defendants in a greater amount; and they prayed that the town be made a party, and they be allowed to offset their demand, etc.

The other facts appear in the opinion of the court. Plaintiff recovered verdict and judgment for three thousand, four hundred and sixty-four dollars. There was no statement of facts in the record.

*Preston & Smith*, for the plaintiffs in error.—It will be observed, by reference to defendant's motion for a continuance, that it does not only comply strictly with the statute for a first continuance, but that it is sufficient for a second continuance, except that it does not show what defendant expects to prove by the absent

witnesses. The motion goes beyond the statutory requisite for a first continuance. (P. D., Article 1509.) The Legislature having 'seen proper to prescribe rules applicable to proceedings in applications for continuances, it can scarcely be supposed that the discretion of the judge can rise superior to the rules adopted and enacted by the Legislature of the State. Such a supposition would have the effect to elevate judicial discretion above the law of the land. It would make it, in effect, arbitrary and absolute. "Such a principle," says Mr. Justice Wheeler, "would be intolerable, and cannot be recognized." (Hipp v. Bissell, 3 Texas, 18.) If the statute has been complied with on the first and second applications for continuances, the court can exercise no discretionary power. The continuance must be granted. (Hipp v. Bissell, 3 Texas, 18 ; Prewett v. Everett, 10 Texas, 283 ; McMahan & Gilbert v. Busby, 29 Texas, 191 ; Chilson v. Reaves, Id., 275.) But defendants in error will contend that the court did not pass upon the intrinsic merits of the motion for continuance, but overruled it, because of the views taken of the immateriality of any evidence of witnesses under the pleading of defendants. Then we submit that if it is apparent from the record that the court refused a continuance on grounds which went to the merits of the cause, as disclosed by the pleadings, and not to the diligence of the party in preparation for trial, such refusal will be revised without the weight of the presumption in its favor, which a direct decision upon the motion, irrespective of the plea, would have imposed. (Dangerfield v. Paschal, 20 Texas, 536.) The learned judge, in overruling the motion in the court below, made this indorsement upon the bill of exception, by which this point was saved for revision: "Allowed. The application for continuance was overruled, because, in my opinion, the

answers of the defendants presented no defense.'' This indorsement was evidently made by the judge for the purpose of explaining or giving a reason for his action in overruling the motion for continuance, or to bring the case within the rule laid down in the case of Fowler v. Buckner, 23 Texas, 85. And should this case be relied on as authority by defendants in error, we invite the attention of the court to one very prominent distinction between the case cited and the case at bar. In the case cited, at the time the motion for continuance was made, defendants had on file alone as his answer a general demurrer and general denial. In this case, the defendants had not only filed and plead the general issue, but by an amended answer had given a clear, truthful and succinct statement of the transactions between plaintiff and defendants, which give rise to this suit, alleging fraud and collusion between the plaintiff and the authorities of the city of Navasota, for the purpose of cheating, and otherwise wronging defendants. Another noticeable distinction between the case cited and the one at bar is, that in the case cited the plaintiff was suing for a sum certain due upon contract. In this case the sum sued for was uncertain, and the principal element of plaintiff's demand was damages, which the verdict of the jury show. Then we submit that this case cannot come under the rule laid down in the case cited. The amended answer contained averments susceptible of proof; and if proven would certainly have exonerated the defendants from the wrongful acts alleged in plaintiff's pleadings. Suppose, for the sake of argument, we admit that the amended answer set up no defense to the action. The general denial certainly put in issue all the allegations contained in the plaintiff's pleadings. And stripped, as we were, of our special defense, we were entitled to a

continuance under the plea of not guilty, in order that
we might get the absent witnesses before the court.
But it will be borne in mind that the continuance was
refused before the amended answer was stricken out;
and, indeed, we may infer from the indorsement made
upon the bill of exception, that the learned judge in the
court below considered that the general issue of not
guilty presented no defense, and that under this the
defendants could not offer evidence to disprove the alle-
gations, and explain their acts in the premises. But
we contend, as before stated, that the amended answer
at least set up matter susceptible of proof. If for no
other purpose, it should have been heard for the pur
pose of mitigating the damages and of relieving the
defendants from the odium of the charges in plaintiff's
pleadings. If the defendants were charged with tres-
passes upon the rights of the plaintiff, thereby causing
great damages, certainly the defendants must be heard
in their explanations; and should they seek to justify
their acts the courts will not deny that right. The
intention of the defendants is material in considering
the amount of damages. (Sedgwick, 455, James v.
Campbell, 5 Car. & Payne, 372.) It was alleged in the
amended answer that if money was deposited with
defendants by plaintiff, that it was deposited as the
money and property of the city of Navasota, and not as
the money of plaintiff. And hence we submit that if
we were bailees at all, we were the bailees of the city of
Navasota, and not of Stevens. If Stevens was wrong-
fully in possession of the money, as alleged in the
answer, before the deposit was made, and that fact
come to the knowledge of defendants before demand
was made, then we contend that we had a right—not
only this, but it was our duty, to retain the money
until the rightful owner should demand it. As citizens

of Navasota, and having been informed of the wrongful possession, and the tortious acts by which Stevens came in possession of the money, good faith towards the city of Navasota and the tax-payers thereof demanded that we should retain the money until the competent party should demand it. We will instance a case : Suppose the money in question had been stolen from the city treasury and deposited with defendants, and this fact had come to their knowledge, and demand afterwards being made for the money ; can it be supposed for one moment that the party making the deposit could obtain any standing in court to recover the amount of deposit ? And under such state of facts, would it not be silly to suppose that a jury would give a verdict for damages ? Then if Stevens' possession of the money was wrongful, and the defendants could have shown that fact under their pleadings, by the evidence of the absent witnesses, certainly it would have gone far at least in mitigation of the damages, to say nothing of the amount of the deposit. It matters not what grade of wrong Stevens had committed whereby he came in possession of the money. It was sufficient that that fact was known to the defendants, in order to justify the acts of defendants in their refusal to deliver the money to Stevens. If the possession of the money in question by Stevens was wrongful and hurtful to the city of Navasota, and if the money was not in fact the money of plaintiff, it seems to us to be a great absurdity to suppose that injury could result to Stevens by the detention of the money. Then if our conclusions in this particular be correct, the court certainly erred in forcing the defendants to trial in the absence of their witnesses, and in striking out their amended answer. This we deem sufficient to show that the first and second assignment of errors were well taken.

*C. Coldwell*, also for the plaintiffs in error.

*J. E. Easton* and *J. C. Hutcheson*, for the defendant in error.—In this case there is no statement of facts, and every presumption favors the judgment and verdict. (St. Clair v. McGehee, 22 Texas, 6; Roberts v. Huffner, 19 Texas, 131; Fulgam v. Bendy, 23 Texas, 65.)

As to the first error, in refusing the continuance, the court states it was done because the defendants' answer presented no defense. Whether the answer presented a defense or not, we will discuss presently; but that the court had the right to refuse a continuance, if, in its opinion, the answer presented no defense, we refer to the following decisions: Fowler v. Buckner, 23 Texas, 85; Claiborne v. Yeoman, 15 Texas, 46; Titus v. Crittenden, 8 Texas, 139; Hardeson v. Hooker, 25 Texas, 91.

Now it only remains to inquire whether the answer did present a defense.

The whole of that amendment is an effort to defend against paying the money to plaintiff, the depositor, by showing that though deposited by plaintiff, it was in fact the property of the city of Navasota, against which they claim to have certain debts, on which they desire to appropriate this money.

This defense cannot be made for the following reasons:

1. The bailee must return to the depositor, unless the deposit actually belongs to another, and that other is asserting claim to it; then they may demand a bill of interpleader. (Story on Bailments, pp. 102, 108 and 110; Parsons on Contracts, 5th Ed., 2 Vol., p. 94; Kent's Com., Vol. 2, marg. p. 567.)

2. The city of Navasota was not a party before the

court, and a defendant cannot make a party plaintiff. (Bailey v. Trammell, 27 Texas, 318.)

Ogden, J.—We think that the affidavit for a continuance in this cause fully complied with the statute, in the requirements of an application for a first continuance in civil causes, and that the court erred in refusing to grant the same. We are unable to see the force of the reasons given by the court for overruling the motion, and more especially in view of the verdict and judgment rendered in this case. The judge makes this endorsement upon the bill of exceptions to the ruling of the court: "The application for a continuance was overruled, because, in my opinion, the answer of defendants presented no defense."

A little consideration of the pleadings in this case, we think, will readily and clearly show the error of the ruling of the court on the application. The defendant in error brought this suit against the plaintiffs in error for the recovery of about fourteen hundred dollars, alleged to have been deposited with the defendants below for safe keeping. And in his petition, he alleges the receipt of the money by defendants, and a promise to deliver the same up on demand. He charges a demand made, and a refusal to deliver the deposit, or any part thereof; and he further charges that defendants had unlawfully, fraudulently and feloniously embezzled his money and property, whereby he had suffered ten thousand dollars damages; and prays for judgment for the amount of money deposited, for interest, and for *direct, consequential* and *punitory* damages to a large amount. The defendants filed a general demurrer and general denial, and answered by sundry frivolous special defenses, which the court, on motion being made, properly struck out. But the de--

fendants' general denial was left, and under that they had a right to introduce evidence as to the time when interest should begin, as the plaintiff certainly, under his own pleading, could not legally claim interest until demand made; neither was he entitled to sue for the amount deposited until he had made a demand for the same; and the defendants had a right, under their general denial, to be heard by their witnesses in regard to that fact, and were therefore entitled to a continuance under and by virtue of their affidavit for that purpose.

But there was a specific charge of embezzlement in plaintiff's petition, which is a crime punishable, under the law, by imprisonment, and for which plaintiff prayed a judgment for heavy damages, and to this charge defendants filed a general denial, the only proper answer to set up perfect innocence. Under a general denial they most certainly had the right to prove that they never received any deposit; or that no demand had been made for the money; or that they had delivered the money deposited, or had offered to deliver the same to the depositor, and thereby acquit themselves of the grave charge imputed to them. And therefore they had a right to a continuance under their affidavit.

The questions raised in the pleadings, and not presented in the assignment of errors, we do not choose now to consider. There was, therefore, error in the ruling of the court in refusing a continuance, and in refusing to grant a new trial; and the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.